**Alfredo Rolando FAJARDO–
ALVAREZ, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney
General, Respondent.**

No. 04–75891.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 8, 2009.

Filed Oct. 20, 2009.

Michael T. Purcell, Portland, OR, for
Petitioner.

Ronald E. Lefevre, Office of the District
Counsel, Department of Homeland Securi-
ty, San Francisco, CA, Barry J. Pettinato,
Jonathan Aaron Robbins, Esquire, Trial,
U.S. Department of Justice, Washington,
DC, for Respondent.

Before: O'SCANNLAIN and N.R.
SMITH, Circuit Judges, and WHYTE,*
District Judge.

MEMORANDUM **

Alfredo Rolando Fajardo–Alvarez, a na-
tive and citizen of Guatemala, petitions for
review of the Board of Immigration Ap-
peals' ("BIA") order affirming the Immi-

---

\* The Honorable Ronald M. Whyte, United
States District Judge for the Northern District
of California, sitting by designation.

\*\* This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

gration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

As a general rule, we lack jurisdiction to review a final order of removal again an alien who has committed a controlled substance offense. *See* 8 U.S.C. § 1252(a)(2)(C). However, the BIA did not find Fajardo–Alvarez removable for having been convicted of a controlled substance offense. Instead, the BIA found him ineligible for asylum, withholding of removal, and CAT on the merits. Because the BIA did not order Fajardo–Alvarez removed based upon his offense and made a determination on the merits, we have jurisdiction to review the decision. *See Unuakhaulu v. Gonzales,* 416 F.3d 931, 936–37 (9th Cir.2005).

However, we lack jurisdiction to consider this petition on the merits. Fajardo–Alvarez failed to exhaust the critical issue of credibility in his appeal to the BIA, notwithstanding the IJ's clear and unambiguous findings regarding adverse credibility. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004). We therefore have no basis to consider Fajardo–Alvarez's claims for asylum, withholding of removal, or CAT. *See Zara v. Ashcroft,* 383 F.3d 927, 931 (9th Cir.2004) (holding that petitioner's failure to exhaust the adverse credibility finding precluded this court from having jurisdiction to consider her claims of asylum, withholding of removal, and CAT).

**PETITION DENIED.**